UNITED STATES DISTRICT COURT          **SEND**
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.: CV 04-9233 PA (PLAx)          Date: December 27, 2004

Title: Agudas Chasidei Chabad of United States v. Russian Federation, et al.

**DOCKET ENTRY**

**PRESENT:**

**HONORABLE PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| C. Kevin Reddick | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

**Attorneys Present for Plaintiff:**      **Attorneys Present for Defendants:**
None      None

**PROCEEDINGS:** IN CHAMBERS

    Before the Court is plaintiff Aguda Chasidei Chabad of the United States' Application for Issuance of Letters Rogatory for Service on Out-of-Country Defendants ("Application"). Plaintiff seeks letters rogatory for defendants Russian State Library and Russian State Military Archive pursuant to 28 U.S.C. § 1608(b)(3).[1]

    The Foreign Service Immunities Act ("FSIA") requires that a plaintiff first attempt to serve process on an agency or instrumentality of a foreign state in accordance with any special arrangement between the plaintiff and the agency or instrumentality. 28 U.S.C. § 1608(b)(1). If no special arrangement exists, a plaintiff may serve through an authorized agent in the United States or according to an applicable international convention on service of judicial documents. See 28 U.S.C. § 1608(b)(2). If service cannot be effected by any of these means, *only then* may a plaintiff seek a letter rogatory. See 28 U.S.C. § 1608(b)(3); see also Magness, et al. v. Russian Federation, et al., 247 F.3d 609, 614 (5th Cir. 2001).

---

[1] Service of process for a foreign state or political subdivision of a foreign state, i.e., defendants Russian Federation and Russian Ministry of Culture and Mass Communication, are governed by 28 U.S.C. § 1608(a) and are not part of the Application.

DOCKETED ON CM

DEC 29 2004

MINUTES FORM
CIVIL - GEN

Page 2            **CIVIL MINUTES – GENERAL**            December 27, 2004

Plaintiff here has failed to demonstrate that no special arrangement exists between plaintiff and defendants Russian State Library and Russian State Military Archive. See 28 U.S.C. § 1608(b)(1). Plaintiff has also failed to attest to whether either of these agencies or instrumentalities of a foreign state has an agent authorized by appointment or by law to receive service of process in the United States or whether an international convention on service of process applies to them. See 28 U.S.C. § 1608(b)(2).

As plaintiff has failed to comply with the FSIA, the Court denies its Application without prejudice. The Court grants Plaintiff leave to amend the Application to establish that the FSIA warrants letters rogatory for defendants Russian State Library and Russian State Military Archive.

IT IS SO ORDERED.